1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11   CALTEX PLASTICS, INC., a     )   CV 14-2794 RSWL (JEMx)
     California corporation,       )
12                                 )
          Plaintiff,              )   **ORDER RE: DEFENDANT**
13                                 )   **GREAT PACIFIC PACKAGING,**
                                   )   **INC.'S MOTION TO**
14        v.                       )   **TRANSFER VENUE [17]**
                                   )
15                                 )
     GREAT PACIFIC PACKAGING,      )
16   INC., a California            )
     corporation; AMAZING          )
17   PACKAGING SUPPLIES, INC., a )
     California corporation; and )
18   DOES 1-10, inclusive;         )
                                   )
19        Defendants.             )
                                   )
20                                 )
                                   )
21   _____)

22        Currently before the Court is Defendant Great

23   Pacific Packaging, Inc.'s ("Great Pacific") Motion to

24   Transfer Venue filed June 20, 2014 [17].  Plaintiff

25   Caltex Plastics, Inc. ("Plaintiff") filed its

26   Opposition on July 8, 2014 [24] and Defendant Great

27   Pacific filed its Reply on July 15, 2014 [27].  This

28   matter was taken under submission on July 24, 2014

                                1

[28].   Having reviewed all papers and arguments submitted pertaining to this Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:**

The Court hereby **DENIES** Defendant Great Pacific's Motion.

## I. BACKGROUND

Plaintiff is a California corporation with its principal place of business in Vernon, California. Compl. ¶ 3.   Defendant Great Pacific is a corporation that manufactures products in California with headquarters in San Jose, California.   Id. at ¶ 4. Defendant Amazing Packaging is also a California corporation with headquarters in San Jose, California. Id. at ¶ 5.   Defendant Amazing Packaging Supplies, Inc. ("Amazing Packaging") distributes, sells, ships, and advertises product packaging materials.   Id.

Plaintiff manufactures industrial and commercial packaging, including military packaging material for electronic devices.   Id. at ¶ 12.   Plaintiff's products have been granted permission by the Department of Defense ("DOD") to be advertised as meeting the MIL-PRF-81705 Type III ("81705 Spec") military specifications for heat-sealable, electrostatic discharge protective, flexible barrier materials.   Id. at ¶¶ 13-15.   At the commencement of the Action, Plaintiff was the only manufacturer of static shielding bags that met the special 81705 Spec designation.   Id. at ¶ 17.

1    Plaintiff alleges that Defendants have
2 misrepresented their products to meet the 81705 Spec in
3 their advertisements when their products have not been
4 certified as such.  Id. at ¶¶ 18-20.  Although
5 Plaintiff has demanded that Defendants stop selling
6 their falsely-advertised line of products, Defendants
7 have continued with their sales.  Id. at ¶ 21.  As a
8 result of the sales, Plaintiff alleges that customers
9 have been deceived and that Plaintiff has been
10 economically injured.  Id. at ¶¶ 22-23.

11    Plaintiff brings the instant Action, asserting
12 claims for unfair competition under California law and
13 false advertising under California and federal law
14 against Defendants.  Id. at ¶¶ 1-2, 24-45.

15    Plaintiff filed its Complaint against Defendants on
16 April 11, 2014 [1].  Defendants filed an Answer on June
17 20, 2014 [16].

18                    **II. LEGAL STANDARD**
19 **B.   Motion to Transfer Venue Pursuant to 28 U.S.C. §**
20      **1404(a)**
21    Under 28 U.S.C. § 1404(a), "[f]or the convenience
22 of the parties and witnesses, in the interest of
23 justice, a district court may transfer any civil action
24 to any other district or division where it might have
25 been brought."  28 U.S.C. § 1404(a).

26    Before a court may transfer venue under 28 U.S.C. §
27 1404, it must find that: (i) the action is one that
28 might have been brought in the transferee court and

(ii) the convenience of the parties and the interest of
justice favor the transfer.  Colt Studio, Inc. v.
Badpuppy Enter., 75 F. Supp. 2d 1104, 1112 (C.D. Cal.
1999) (citing Hatch v. Reliance Ins. Co., 758 F.2d 409,
414 (9th Cir. 1985)).  Transfer under § 1404(a) is
discretionary.  A.J. Indus. v. U.S. Dist. Court for
Cent. Dist. Of Cal., 503 F.2d 384, 389 (9th Cir. 1974).
The purpose of § 1404(a) is to "prevent the waste of
time, energy and money and to protect litigants,
witnesses and the public against unnecessary
inconvenience and expense." Van Dusen v. Barrack, 376
U.S. 612, 616 (1964) (quoting Cont'l Grain Co. v. Barge
FBL-585, 364 U.S. 19, 26-27 (1960)).

    An action is one that might have been brought in
the transferee court when (i) the transferee court
would have had subject matter jurisdiction at the time
the action was filed; (ii) defendants would have been
subject to personal jurisdiction; and (iii) venue would
have been proper.  E. & J. Gallo Winery v. F. & P.
S.p.A., 899 F. Supp. 465, 466 (E.D. Cal. 1994) (citing
Hoffman v. Blaski, 363 U.S. 335, 343-44 (1960)).

    In determining whether the convenience of the
parties and the interest of justice favor transfer, the
court should consider certain factors, including:

        (1) the location where the relevant agreements
        were negotiated and executed, (2) the state that
        is most familiar with the governing law, (3) the
        plaintiff's choice of forum, (4) the respective

4

1  parties' contacts with the forum, (5) the
2  contacts relating to the plaintiff's cause of
3  action in the chosen forum, (6) the differences
4  in the costs of litigation in the two forums,
5  (7) the availability of compulsory process to
6  compel attendance of unwilling non-party
7  witnesses, and (8) the ease of access to sources
8  of proof.
9  Jones v. GNC Franchising, Inc., 211 F.3d 485, 498-99
10 (9th Cir. 2000); see also Sec. Investor Prot. Corp. v.
11 Vigman, 764 F.2d 1309, 1317 (9th Cir. 1985).
12     The burden is on the moving party to demonstrate
13 that the balance of these factors favors the transfer.
14 Commodity Futures Trading Comm'n v. Savage, 611 F.2d
15 270, 279 (9th Cir. 1986); Pfeiffer v. Himax Techs.,
16 Inc., 530 F. Supp. 2d 1121, 1123 (C.D. Cal. 2008);
17 Florens Container v. Cho Yang Shipping, 245 F. Supp. 2d
18 1086, 1089 (N.D. Cal. 2002).  A transfer of venue is
19 not appropriate unless the factors enumerated strongly
20 favor venue elsewhere.  Pac. Car & Foundry v. Pence,
21 403 F.2d 949, 953 (9th Cir. 1968).  "The defendant must
22 make a strong showing of inconvenience to warrant
23 upsetting the plaintiff's choice of forum."  Decker
24 Coal v. Commonwealth Edison, 805 F.2d 834, 843 (9th
25 Cir. 1986).
26                    **III. DISCUSSION**
27     Defendant Great Pacific seeks to transfer the
28 instant Action from the Central District of California

5

1  ("CDCA") to the Northern District of California

2  ("NDCA").

3      District courts have the discretion to grant a

4  motion to transfer under 28 U.S.C. § 1404(a) when the

5  transferee forum is a forum where a case might have

6  been brought originally and when the interest of

7  justice favors a transfer of venue. <u>Colt Studio</u>, 75 F.

8  Supp. 2d at 1112 (citing <u>Hatch</u>, 758 F.2d at 414).  To

9  determine whether a transfer is in the best interests

10  of justice, courts undergo an "individualized,

11  case-by-case consideration of convenience and

12  fairness." <u>Id.</u>  "Unless the balance of convenience is

13  strongly in favor of the defendant, plaintiff's choice

14  of forum should not, or should rarely, be disturbed."

15  <u>Id.</u> (citing <u>Continental Oil Co. v. Atwood & Morrill</u>

16  <u>Co.</u>, 265 F. Supp. 692 (D. Mont. 1967)).

17  **A.**   **<u>Whether the Action Could Have Been Brought in the</u>**

18     **<u>NDCA</u>**

19      A district is one where an action might have been

20  brought if, at the time of the action's commencement,

21  the transferee court would have had subject-matter

22  jurisdiction, the defendants would have been subject to

23  personal jurisdiction there, and venue would have been

24  proper. <u>E. & J. Gallo Winery</u>, 899 F. Supp. at 466.

25      At the time of the Action's commencement, the NDCA

26  would have had subject-matter jurisdiction over this

27  Action because Plaintiff brings federal Lanham Act

28  claims.  Compl. ¶¶ 24-31; 28 U.S.C. §§ 1331, 1338; 15

6

U.S.C. § 1121.  Additionally, because Defendants'
headquarters are located in the NDCA, Defendants would
have been subject to personal jurisdiction in the NDCA
and venue would have been proper under 28 U.S.C. §
1391(b).  Id. at ¶¶ 4-5.  Section 1391(b)(1) states
that venue is proper in "a judicial district in which
any defendant resides, if all defendants are residents
of the State in which the district is located."
Accordingly, the Court finds that the Action could have
originally been brought in the NDCA.

**B.  Whether Convenience and Fairness Warrant a Transfer
to the NDCA in this Case**

1.  Convenience of Parties

Defendant Great Pacific argues that transfer is
warranted because its counsel and Defendants' principal
places of business are located in the NDCA.  Mot. 4:15-
16; Brock R. Lyle Decl. ¶¶ 2-3.[1]

The convenience of counsel is irrelevant to
determining the convenience of the parties.  Costco
Wholesale Corp. v. Liberty Mut. Ins. Co., 472 F. Supp.
2d 1183, 1195-96 (S.D. Cal. 2007).  Still, the Court
finds that the location of Defendants' headquarters,
employees, and relevant business activities in the NDCA

---

[1]  Defendant Great Pacific submits the declaration of Brock
R. Lyle along with a copy of the Federal Judicial Caseload
Statistics in 2013.  Lyle Decl., Ex. 1.  Plaintiff objects to
portions of the Lyle Declaration on the basis that the evidence
is irrelevant and lacks foundation.  Dkt. # 26 ¶¶ 1-4.  The Court
**DENIES** Plaintiff's objections as they challenge the weight but
not the admissibility of the evidence.

1   weighs slightly in favor of transfer.  <u>Adachi v.</u>
2   <u>Carlyle/Galaxy San Pedro, L.P.</u>, 595 F. Supp. 2d 1147,
3   1151-52 (S.D. Cal. 2009) (transferring venue where all
4   named defendants resided in the transferee district,
5   party witnesses could more conveniently appear in the
6   transferee district, and the location of events giving
7   rise to the claim occurred in the transferee district).
8        Courts also weigh the relative sizes of parties'
9   businesses in determining the balance of
10  inconveniences.  <u>Allstar Mktg. Grp., LLC v. Your Store</u>
11  <u>Online, LLC</u>, 666 F. Supp. 2d 1109, 1131-32 (C.D. Cal.
12  2009).  In <u>Allstar</u>, the Court found that transfer was
13  appropriate in part because the plaintiffs were large
14  corporations and the defendants were small businesses
15  whose operations would be disrupted if they were forced
16  to send their two employees to litigate outside of
17  their home forum.  <u>Id.</u>
18       Defendant Great Pacific states that Defendants are
19  "small businesses" that would be "seriously
20  inconvenienced" by litigating in the CDCA.  Reply 6:13-
21  4.  However, Defendant Great Pacific does not provide
22  any evidence other than this conclusory statement that
23  it and Defendant Amazing Packaging are smaller
24  businesses than Plaintiff.  Defendant Great Pacific
25  also fails to show that litigating in the NDCA would be
26  so inconvenient as to disrupt its business activities.
27       Accordingly, as Defendant Great Pacific does not
28  provide any evidence that Defendants would be seriously

1   inconvenienced if required to litigate in the CDCA, the

2   Court finds that the convenience of the Parties does

3   not weigh toward transfer.

4        2.   <u>Convenience of Witnesses</u>

5        "The convenience of witnesses is often the most

6   important factor in deciding whether to transfer an

7   action." <u>Getz v. Boeing Co.</u>, 547 F. Supp. 2d 1080,

8   1083 (N.D. Cal. 2008) (quoting <u>Bunker v. Union Pac.</u>

9   <u>R.R. Co.</u>, No. C 05-04059 JSW, 2006 WL 193856, at *2

10  (N.D. Cal. Jan. 23, 2006)).  "A party moving for

11  transfer for the convenience of the witnesses must

12  demonstrate, through affidavits or declarations

13  containing admissible evidence, who the key witnesses

14  will be and what their testimony will generally

15  include." <u>E. & J. Gallo Winery</u>, 899 F. Supp. at 466.

16  In weighing the balance of inconveniences for parties'

17  witnesses, courts discount inconvenience to employee

18  witnesses, as they can be compelled to testify by their

19  employers. <u>Getz</u>, 547 F. Supp. 2d at 1084.

20       Defendant Great Pacific states that its "key

21  witnesses" are located in either San Jose or outside

22  California.  Reply 4:27-5:2; Lyle Decl. ¶ 3.  <u>Id.</u>

23  However, Defendant Great Pacific has failed to detail

24  the specific identities and whereabouts of its

25  witnesses, including whether its out-of-state witnesses

26  are party or non-party witnesses.  As the movant,

27  Defendant Great Pacific must sufficiently identify its

28  witnesses to justify transfer for the convenience of

1   witnesses.  <u>Bohara v. Backus Hosp. Med. Benefit Plan</u>,

2   390 F. Supp. 2d 957, 963 (C.D. Cal. 2005).  Defendant

3   Great Pacific has clearly failed to do so here.

4       Plaintiff similarly fails to sufficiently identify

5   its witnesses, however.  Because neither party has made

6   any showing of inconvenience to non-party witnesses,

7   the Court finds that it lacks information to assess

8   this factor.  <u>Getz</u>, 547 F. Supp. 2d at 1084 (finding

9   that the convenience of witnesses did not weigh in

10  favor of either party where neither party had

11  identified any non-party witnesses residing in either

12  the transferor or transferee district).  Thus, the

13  Court finds that this factor is neutral.

14      3.  <u>Other Convenience Factors</u>

15      "As a general matter, a plaintiff's choice of forum

16  should be awarded deference."  <u>Barnes & Noble, Inc. v.</u>

17  <u>LSI Corp.</u>, 823 F. Supp. 2d 980, 993-94 (N.D. Cal.

18  2011).  A "defendant must make a strong showing of

19  inconvenience to warrant upsetting the plaintiff's

20  choice of forum."  <u>Decker Coal</u>, 805 F.2d at 843 (citing

21  <u>Mizokami Bros. of Ariz. v. Mobay Chem. Corp.</u>, 660 F.2d

22  712, 718 (8th Cir. 1981)).  Here, Plaintiffs have

23  chosen to sue in their home forum.  As such, their

24  choice of forum is afforded substantial weight and

25  weighs against transfer.  <u>See In re Ferrero Litig.</u>, 768

26  F. Supp. 2d 1074, 1078 (S.D. Cal. 2011) (citing <u>Piper</u>

27  <u>Aircraft Co. v. Reyno</u>, 454 U.S. 235, 256 (1981)).

28      In assessing the relative ease of access to

evidence, courts examine the location of records and documents. <u>DeFazio v. Hollister Emp. Share Ownership Trust</u>, 406 F. Supp. 2d 1085, 1091 (E.D. Cal. 2005) (citing <u>Jones</u>, 211 F.3d at 499). The moving party must "show the location and importance of the documents in question." <u>Id.</u> While advances in technology have lessened the burden of transporting documents, courts may transfer an action if transporting evidence would cause undue hardship. <u>Id.</u>; <u>see</u> <u>Park v. Dole Fresh Vegetables, Inc.</u>, 964 F. Supp. 2d 1088, 1095 (N.D. Cal. 2013). Here, Defendant Great Pacific alleges that "[a]ll of the documentary evidence in this matter is housed and maintained at Defendant's headquarters in San Jose, in the NDCA." Mot. 5:21-25. However, Defendant Great Pacific does not identify the important documents in question or specify their whereabouts, and Defendant Great Pacific does not state whether transporting the documents would be unduly burdensome. Thus, the Court finds that this factor is neutral.

To determine whether local interest favors a particular forum, courts must look to the "primary focus" of an action. <u>Hawkins v. Gerber Prods. Co.</u>, 924 F. Supp. 2d 1208, 1216 (S.D. Cal. 2013). In a false advertising cases, the "primary focus . . . is the development and marketing of . . . goods, and decisions about how such goods were to be advertised to consumers." <u>Id.</u>; <u>see also</u> <u>Vu v. Ortho-McNeil Pharm, Inc. v. LSI Corp.</u>, 602 F. Supp. 2d 1151, 1157 (N.D.

Cal. 2009); <u>Williams v. Bowman</u>, 157 F. Supp. 2d 1103, 1109-10 (N.D. Cal. 2001).  Considering the allegations in Plaintiff's false advertising and unfair competition claims, the Court finds that the primary focus of the Action is on allegations of conduct that would have occurred in the NDCA.  Compl. ¶¶ 18-19.  As such, the Court finds that this factor weighs slightly in favor of transfer.

The Court finds that the NDCA and CDCA are equally familiar with the applicable law, as all district courts are "equally capable of applying federal law." <u>Allstar</u>, 666 F. Supp. at 1133; <u>Costco Wholesale</u>, 472 F. Supp. 2d 1183; <u>see also</u> <u>Cargill Inc. v. Prudential Ins. Co. of Am.</u>, 920 F. Supp. 144, 148 (D. Colo. 1996). District courts within the same state are also equally capable of applying state law.  <u>Getz</u>, 547 F. Supp. 2d at 1085.  Here, because both the NDCA and the CDCA are federal district courts in California, they are equally familiar with the federal and California laws involved. Thus, this Court finds that this factor is neutral.

Additionally, the Court finds that, upon consideration of all convenience factors, the relative court congestion does not weigh in favor of either party.[2]  <u>Costco Wholesale</u>, 472 F. Supp. 2d at 1196

_____

[2] Plaintiff requests that this Court take judicial notice of the U.S. District Court Judicial Caseload Profiles for the CDCA and NDCA and the complaints of five related cases filed in the CDCA.  Request for Judicial Notice ¶¶ 1-7.  A trial court must take judicial notice of facts "if requested by a party and

1  ("Court[s] should not transfer a case on the basis of

2  docket congestion after determining the balance of the

3  other factors weighs against transfer.").

4      Finally, the Parties do not dispute that the only

5  related case has been settled.  Opp'n 10:6-7.

6  Accordingly, the Court finds that the feasibility of

7  consolidation weighs is neutral.

8                    **IV. CONCLUSION**

9      On balance, although Defendant Great Pacific has

10  shown that some activities and information related to

11  the Action occurred in the NDCA, it has failed to

12  demonstrate through facts and admissible evidence that

13  the balance of inconveniences weighs strongly in favor

14  of transfer.  <u>Cochran v. NYP Holdings, Inc.</u>, 58 F.

15  Supp. 2d 1113, 1119 (C.D. Cal. 1998).  Thus, because

16  Defendant Great Pacific has not met its "heavy burden,"

17  the Court **DENIES** Defendant's Motion to Transfer Venue

18  [17].  <u>Id.</u>

19      **IT IS SO ORDERED.**

20

21  DATED: August 12, 2014        RONALD S.W. LEW

22                                **HONORABLE RONALD S.W. LEW**
                                   Senior U.S. District Judge

23  _____

24  supplied with the necessary information."  Fed. R. Evid. 201(c).
    Because the statistics and pleadings are not subject to

25  reasonable dispute and are capable of accurate and ready
    determination by resort to sources whose accuracy cannot

26  reasonably be questioned, the Court **GRANTS** Plaintiff's Request
    for Judicial Notice.  Fed. R. Evid. 201(b); <u>Peel v. BrooksAmerica</u>

27  <u>Mortg. Corp.</u>, 788 F. Supp. 2d 1149, 1157-58 (C.D. Cal. 2011)
    (citing <u>Lee v. City of L.A.</u>, 250 F.3d 668, 690 (9th Cir. 2001)).

28

                              13